1

2                    UNITED STATES DISTRICT COURT

3            FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                          OAKLAND DIVISION

5   CHESTER J. KNOBLICH and SOTIRIA,          Case No:  C 12-4725 SBA
    Trustees of the Chester J. and Sotiria E.
6   Knoblich Revocable Trust, Dated June 23,   **ORDER REMANDING ACTION**
    1983, as amended,
7
                    Plaintiffs,
8
         Vs.
9
10  B. MICHAEL WHITE; JOHN DOE,

         Defendants.
11

12

13         Plaintiffs Chester J. Knoblich and Sotiria, Trustees of The Chester J. and Sotiria E.

14  Knoblich Revocable Trust, Dated June 23, 1983, as Amended, commenced an unlawful

15  detainer action against Defendant B. Michael White in Contra Costa County Superior Court

16  on August 10, 2012.  The Complaint seeks possession of certain residential property

17  located at 327 W. 20th St., Antioch, California  94509, based on Defendant's alleged

18  failure to pay $5,952.00 in past due rent.  On September 11, 2012, Defendant removed the

19  action under 28 U.S.C. § 1331, alleging that the Court has original jurisdiction over the

20  action.

21         The Court is required to consider issues related to federal subject matter jurisdiction

22  and may do so sua sponte.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94

23  (1998).  A federal court must satisfy itself of its jurisdiction over the subject matter before

24  proceeding to the merits of the case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577,

25  583 (1999).  In the case of a removed action, a district court must remand the case to state

26  court "if at any time before the final judgment it appears that the district court lacks subject

27  matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

28  1992).  "The presumption against removal means that the defendant always has the burden

1    of establishing that removal is proper." <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d

2    1241, 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal."

3    <u>Luther v. Countrywide Home Loans Servicing, LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008).

4    As such, any doubts regarding the propriety of the removal favor remanding the case.  <u>See</u>

5    <u>Gaus</u>, 980 F.2d at 566.

6         Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

7    district courts of the United States have original jurisdiction, may be removed by the

8    defendant or the defendants, to the district court of the United States ...."  28 U.S.C.

9    § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil

10   actions arising under the Constitution, laws, or treaties of the United States."  Federal

11   question jurisdiction is presumed to be absent unless the removing party which seeks to

12   invoke the Court's jurisdiction shows that plaintiff has alleged:  (1) a federal cause of

13   action, <u>Am. Well Works Co. v. Layne & Bowler Co.</u>, 241 U.S. 257, 260 (1916) ("a suit

14   arises under the law that creates the action"); (2) a state cause of action that turns on a

15   substantial dispositive issue of federal law, <u>Franchise Tax Bd. v. Construction Laborers</u>

16   <u>Vacation Trust</u>, 463 U.S. 1, 9 (1983); <u>Smith v. Kansas City Title & Trust Co.</u>, 255 U.S.

17   180, 199 (1921); or (3) a state cause of action that Congress has transformed into an

18   inherently federal cause of action by completely preempting the field of its subject matter,

19   <u>Avco Corp. v. Aero Lodge No. 735</u>, 390 U.S. 557, 560 (1968).

20        Here, Defendant's notice of removal alleges that Plaintiffs' unlawful detainer action

21   violates the automatic bankruptcy stay, 11 U.S.C. § 362(d), and provisions of the

22   Emergency Economic Stabilization Act of 2008, Pub.L. No. 110-343, 122 Stat. 3765.

23   Notice of Removal at 2.  However, federal subject matter jurisdiction must be apparent

24   from the face of the complaint, and cannot lie in anticipated defenses.  Specifically, federal

25   courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that

26   federal law creates the cause of action.  <u>Franchise Tax Board v. Construction Laborers</u>

27   <u>Vacation Trust</u>, 463 U.S. 1, 27-28 (1983).  Defensive matters are not considered to confer

28   federal question jurisdiction for removal purposes: "a defendant may not remove a case to

1 federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal

2 law." Id. at 10 (emphasis in original). In reviewing the complaint, it is readily apparent

3 that this case does not satisfy the jurisdictional requirements for federal subject matter

4 jurisdiction. Plaintiffs' action is for unlawful detainer and does not assert any federal

5 claims. Thus, based on the record presented, it is facially apparent that this case does not

6 meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

7 Accordingly,

8      IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant

9 action is REMANDED to the Superior Court of California, County of Contra Costa, for

10 lack of subject matter jurisdiction. Plaintiffs' pending motion for remand and Defendant's

11 pending request to proceed in forma pauperis are DENIED as moot. The Clerk shall close

12 this file and terminate all pending matters.

13      IT IS SO ORDERED.

14 Dated: October 22, 2012

                               _____

15                                SAUNDRA BROWN ARMSTRONG
                               United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28